

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 27, 1948

Hon. N. E. Grisham
County Attorney
Eastland, Texas

Opinion No. V-707

Re: Construction of Arti-
cle 2326, V.C.S., re-
lative to salary of
court reporter.

Dear Sir:

You have requested an opinion from this office
on the following question:

"If the District Judge of the 91st
Judicial District of Eastland County, Texas,
raises the salary of the official shorthand
reporter above $2400.00 per annum, yet under
$3750.00 per annum, is it mandatory upon the
Commissioners Court to pay said salary in
compliance with said order, or is it discre-
tionary with the Commissioners Court?"

Article 2326, V. C. S., provides as follows:

"The official shorthand reporter of
each Judicial District Court, civil or crim-
inal, and the official shorthand reporter of
each County Court at Law, civil or criminal,
shall receive a salary of not less than Two
Thousand, Four Hundred Dollars ($2,400) per
annum and not more than Three Thousand, Seven
Hundred and Fifty Dollars ($3,750) per annum.
Said salary shall be fixed and determined by
the District Judges of the Judicial Districts,
civil or criminal, and the Judges of the Coun-
ty Court at Law, civil or criminal, who shall
enter an order in the minutes of the Court,
in each county of the district, which shall
be a public record and open for public in-
spection, stating specifically the amount of
salary to be paid said reporter. The Dis-
trict Judge shall file a copy of said order
with each Commissioners Court of the Dis-
trict. The salary shall be in addition to

the transcript fees and traveling and hotel
expenses of official shorthand reporters,
as is now provided by law.

The salary shall be paid monthly by
the Commissioners Court of the county or
counties in the Judicial Districts, civil
or criminal, and the County Courts at Law,
civil or criminal, out of any available
fund of the county or counties that the
Commissioners Court may desire to pay the
same, according to Articles 2326H and 2327A.

The provisions of this Act shall not
apply to counties having a population of not
less than two hundred and twenty thousand
(220,000) nor more than three hundred and
ninety thousand (390,000) inhabitants."

Since the 91st Judicial District is composed
of one county (Eastland County) only, Article 2326 above
quoted, is applicable to your inquiry. The validity of
said Article was upheld in the case of Tom Green County
v. Profitt, 195 S.W.(2d) 845.

Article 2326, V. C. S. plainly gives the power
to set the salaries of the District Court Reporters cover-
ed by the Act to the District Judges of the various judi-
cial districts. The duty to pay the salaries, however,
is placed in the hands of the Commissioners' Court.

The rule of statutory construction governing
this inquiry is stated in 39 Tex. Jur. pp. 171 and 172
as follows:

"Under the foregoing rules, when the
legislative intent is ascertained, or is
plainly manifest, it is binding upon the
courts and must be given effect if it is
legally possible to do so. To ignore the
legislative intent and give a statute a
construction obviously contrary thereto,
or to refuse to enforce a statute accord-
ing to the legislative intent, when ascer-
tained, is said by the Supreme Court to be
'an inexcusable breach of judicial duty'
and 'an unwarranted interference with the
exercise of lawful legislative authority.'"

The Legislature in clear unambiguous language expressed its intention to leave the amount of salary the District Court Reporters were to receive to the sound discretion of the District Judges.  Any construction which would defeat such intention must be avoided. 39 Tex. Jur. 171.  If the Commissioners' Court could by failing to appropriate sufficient money in the county budget lower the salary of the court reporter as set by the District Judge, it could usurp the power given to the District Judge by the expressed language of Article 2326, V. C. S., and defeat the intention of the Legislature.  Therefore, it is our opinion that it is mandatory upon the Commissioners' Court of Eastland County to pay the salary of the court reporter set by the District Judge of the 91st Judicial District if the salary is set in accordance with the provisions of Article 2326, V. C. S.

We are supported in our conclusion by the case of Weaver v. Commissioners' Court of Nacogdoches County (Com. App.) 146 S.W.(2d) 170.  This was a suit by the County Auditor to compel the Commissioners' Court to record in its minutes in accordance with the provisions of Article 1647, V. C. S., a certified copy of an order of the District Judge providing for his appointment and setting his salary.  The court in granting the mandamus held the following:

"Complaint is made because the county is not a party to this suit.  This action is against the county judge and county commissioners in their official capacities and as constituting the commissioners' court. Article 1647 makes it the duty of the commissioners' court to cause the certificate of the district judge to be recorded in its minutes, with an order directing the payment of the auditor's salary.  This action seeks to have them perform that duty.  Besides, the county clerk was asked this question: 'If the commissioners' court was now to permit you to enter the last order of Judge Brazil in 1939, appointing C. E. Weaver as County Auditor, and directing his salary to be paid, would you issue the vouchers for that salary?'  To this he answered 'Yes.'  It will thus be seen that the impediment to the collecting of his salary by plaintiff is the action of the commissioners' court itself."

## SUMMARY

If the District Judge of the 91st Judicial District of Eastland County sets the salary of the district court reporter in accordance with the provisions of Article 2326, Vernon's Civil Statutes, at a sum of not less than $2400 per annum and not more than $3750 per annum, the Commissioners' Court of Eastland County is required by Article 2326 to pay the salary so set.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JR:mw

By John Reeves
John Reeves
Assistant

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL